IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


DIXIE GRALEY-RUSSELL,

               Plaintiff,

                                Case No. 2:15-cv-2873
      v.                         Judge Graham
                                Magistrate Judge King

MARGIE SCHOOLEY, *et al.*,

               Defendants.


**ORDER and**
**REPORT AND RECOMMENDATION**


Plaintiff, who is proceeding without the assistance of counsel, seeks to file a civil action without prepayment of fees or costs. Plaintiff's motion for leave to proceed *in forma pauperis*, ECF 1, is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e), the Court concludes that the action must be dismissed for lack of subject matter jurisdiction and for failure to state a claim for relief.

The *Complaint*, ECF 1-1, alleges that various individuals and business entities, at least some of whom are residents of the State of Ohio, have engaged in misconduct on plaintiff's property, or have tried to steal or interfere with plaintiff's property.. *Id.*

Federal courts are courts of limited jurisdiction. Congress has empowered federal courts to hear and resolve claims that arise under

federal law, 28 U.S.C. § 1331, and claims that arise between citizens of different states, 28 U.S.C. § 1332. Federal courts do not have jurisdiction over state law claims (such as tort claims of alleged theft or conversion) unless there is complete diversity of citizenship between plaintiff on the one hand and all of the defendants on the other. Plaintiff and at least some of the defendants are identified as citizens of Ohio; there is therefore not complete diversity between the parties. The *Complaint* fails to allege a claim arising under federal law. This Court therefore lacks subject matter jurisdiction to entertain this action.

Moreover, because it is wholly impossible to determine what plaintiff alleges, or against whom, the *Complaint* fails to state a claim upon which relief can be granted.

It is therefore **RECOMMENDED** that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.


If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    *s/  Norah McCann King*____
Norah McCann King
United States Magistrate Judge

October 1, 2015